# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAVELL D. LOVE,

        Petitioner,

    v.                                              Case No. 11-CV-00790

JEFFREY PUGH, Warden,
Stanley Correctional Institution,

        Respondent.

## DECISION AND ORDER

Petitioner Lavell Love filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the United States Constitution. Petitioner was convicted in a Wisconsin court of second degree reckless homicide, while armed, and he is currently incarcerated at Stanley Correctional Institution. Before me now is petitioner's motion to amend his petition to add three new, unexhausted claims and to stay this case while he returns to state court to exhaust these claims.

The petition includes only one ground for relief. Petitioner claims that he was unfairly convicted because he was deprived of his right to effective assistance of counsel under the Sixth Amendment because both his trial and appellate counsel failed to challenge his unlawful arrest, which lead to his confession. The three claims petitioner seeks to add to his petition are also for ineffective assistance of counsel, he claims: 1) his trial attorney failed to subpoena Arthur Hill, an eye witness to the homicide, 2) his trial attorney failed to

present any alibi witnesses, and 3) his trial attorney fought to have the jury consider a lesser included offense against petitioner's wishes.

I have discretion to allow petitioner to amend his petition, and to stay the petition and hold it in abeyance while he returns to state court to exhaust his new claims. *See Rhines v. Weber*, 544 U.S. 269, 275–77 (2005). However, I can only do so if petitioner demonstrates that there was good cause for his failure to exhaust all of his claims in state court and that his claims are not "plainly meritless." *Id.* at 277. Petitioner has already challenged his conviction twice, once on direct appeal and once through a state habeas corpus petition. Yet, the only explanation he offers for why he has not already exhausted all of his claims is that, after the Wisconsin Court of Appeals denied his state habeas corpus petition, he received word from a local innocence project that they might be able to help represent him. As a result, he sent them all of his records and waited almost a year for their response. This does not explain why petitioner did not raise all of his claims for ineffective assistance of counsel on either direct appeal or as part of his state habeas petition. Therefore, I find that petitioner has not proven that there was good cause for his failure to exhaust all of his claims before filing this petition, and I will deny his motion to amend the petition and stay the case. I will allow him to proceed on his original petition.

**THEREFORE, IT IS ORDERED** that petitioner's motion to amend his petition and stay the case [DOCKET #5] is **DENIED**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claim: (1) petitioner shall have **forty-five (45) days** following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have **forty-five (45) days** following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have **thirty (30) days** following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have **forty-five (45) days** following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have **thirty (30) days** following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, or affidavits.

Dated at Milwaukee, Wisconsin, this 15th day of August 2012.

                                                s/ Lynn Adelman
                                                LYNN ADELMAN
                                                District Judge